UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION

KEITH KIRK                                                    PLAINTIFF

VS.                                   CIVIL ACTION NO. 3:12CV23TSL-MTP

CALSONICKANSEI NORTH AMERICA, INC.                            DEFENDANT

<u>ORDER</u>

This cause is before the court on the motion of defendant Calsonickansei North America, Inc. to dismiss pursuant to Rule 12(b)(6) and 8(a) of the Federal Rules of Civil Procedure. Plaintiff Keith Kirk has responded in opposition to the motion and the court, having considered the memoranda of authorities submitted by the parties, concludes the motion should be denied.

Plaintiff, who is black, filed this action under Title VII, 42 U.S.C. § 2000e *et seq.*, claiming he was terminated on account of his race and was given an inferior severance package upon termination because of his race.[1]  Defendant contends that

----

[1]    It is unclear whether plaintiff alleges that his termination was discriminatory, or just that his severance package was discriminatory.  His complaint appears to allege both but is somewhat vague on this point.  His EEOC charge, which is attached to his complaint, asserts that his discharge and severance package were discriminatory.  But in his response to defendant's motion, plaintiff states that "Plaintiff has alleged that when he was forced to resign that he was given a much lower severance package compared to other white employees that were also forced to resign."  From this, it remains unclear whether he intended to allege that his forced resignation/termination was discriminatory. The court will assume so, as does defendant in its motion.

plaintiff's complaint is due to be dismissed for failure to state a claim for relief as he has not pled sufficient facts to support his allegation of race discrimination.  According to defendant, plaintiff's allegations cannot feasibly be interpreted to suggest that plaintiff's termination was racially motivated given plaintiff's admission in his complaint that he made unauthorized time card adjustments.  However, in the court's opinion, plaintiff's acknowledgment that he made time card adjustments does not necessarily negate his allegation race played a role in his termination.

Defendant further submits that plaintiff's allegations negate his prima facie case of race discrimination in the offering of an inferior severance package.  It reasons that plaintiff's allegation that he was offered an inferior severance package as compared to that of his "two *previous bosses*" belies his prima facie case since plaintiff's "bosses" were obviously his superiors, who thus were not "similarly situated" to plaintiff.[2]

---

[2]     In light of the Supreme Court's ruling in <u>Swierkiewicz v. Sorema N.A.</u> that at the Rule 12(b)(6) stage, a plaintiff need not plead all of the elements of a prima facie case of discrimination under <u>McDonnell Douglas</u> in his complaint but instead must simply present a "'short and plain statement of the claim showing that [the plaintiff] is entitled to relief,'" 534 U.S. 506, 508, 122 S. Ct. 992, 152 L. Ed.2d 1 (2002) (quoting Fed. R. Civ. P. 8), the Fifth Circuit has held that "a dismissal for failure to state a claim under Rule 12(b)(6) cannot be based on a failure to plead the <u>McDonnell Douglas</u> elements," <u>Mitchell v. Crescent River Port Pilots Ass'n</u>, 265 Fed. Appx. 363, 370, 2008 WL 410414, 6 (5th Cir. 2008).  However, the court "may consider <u>McDonnell Douglas</u> when a plaintiff asserts circumstantial evidence

In fact, however, plaintiff's allegation appears to be that two individuals who were his bosses *before he was promoted to the position of director*, were given more generous severance packages upon their separation than that offered to him.[3]  That is, his position appears to be that at the time of his termination, or alleged forced resignation, he held the same position held by his "previous bosses" when they were offered their severance packages. So read, his allegations do not negate plaintiff's prima facie case.

　　For these reasons, it is ordered that defendant's motion to dismiss is denied.

　　SO ORDERED this 28th day of February 2012.


　　　　　　　　　　　　　　　　　　/s/ Tom S. Lee
　　　　　　　　　　　　　　　　　　UNITED STATES DISTRICT COURT


---

of discrimination and then affirmatively defeats his own claim by admitting that he cannot later meet his burden."  Id.   Thus, in Mitchell, the court found dismissal proper where the plaintiff "expressly negated one of the factors that he eventually would have to demonstrate to obtain relief by admitting that he was ineligible for the position he sought because of his age."  Id.


　　[3]　　This interpretation is confirmed by his EEOC charge, in which he alleges that he was promoted to director in 2010, and that he was "paid less than the last two previous directors – both of whom are white, and received an inferior severance package."